IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK WHALING,
    Plaintiff

Vs.

BRIAN AMES, CRAIG OWENS,
ADAM JOHNSON, EDWARD YEANEY,
ROBERT KREMENIK, THOMAS LOFTUS,
ANDREW PARKS, EUGENE RICCI,
LESLIE DANOWSKI, WILLIE DAMPER,
and PATTY JANE DOE,
    Defendants

AMENDED COMPLAINT

JURY TRIAL DEMANDED

**FILED**

MAR 1 0 2009

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVAN'

## AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 15(a)

TO: HONORABLE MAGISTRATE JUDGE SUSAN PARADISE BAXTER:

COMES NOW, Mark Whaling the pro'se Plaintiff, and with the help of inmate assistance presents for consideration this "amended complaint" pursuant to Rule 15(a) of the Federal Rules of Civil Procedures, and set forth herein the following amendments, as were permitted by Order of the Court.

### INTRODUCTION

1. The original civil action complaint filed by the Plaintiff sought relief under 42 U.S.C. §1983, alleging deliberate denial of medical care, excessive and misuse of force, cruel and unusual punishment, punitive retaliation inflicted upon the plaintiff by the defendants for wanting to

exercise his right to file a grievance, actions all in violation of the palintiff's Eighth, Fourteenth, and First Amendment Constitutional protections under the law of the United States Constitution. The Plaintiff also alleged the torts of assault and battery, and the intentional infliction of mental and emotional anguish caused by the malicious actions of the Defendants' named in the original complaint, coupled with the names of the Defendants named in this amended complaint.

2. The Plaintiff asserts that at the time of filing his original complaint several Defendants was named as John and Jane Doe(s) because their identities were unknown, but the have now come to know their names, thus triggering this amended complaint which reflects the true identity, and the actions of those Defendants.

## DEFENDANTS

3. The herein named Defendants in this Amended Complaint are and/or were employees of the Erie County Prison, and was active participants directly or indirectly involved in the events that triggered the cause of action of the Plaintiff's original civil complaint.

4. Defendant(s) Brian Ames, Craig Owens, Adam Johnson, Edward Yeaney, Robert Kremenik, Leslie Danowski, and Thomas Loftus are correctional officers, and at times material to the complaint were acting as members of the Prison Cell Extraction and Emergency Response Team, that physically assaulted and

-2-

torturingly strapped the plaintiff in the "Restraint Chair". These foregoing said Defendant(s) are being sued in their official and individual capacity.

5. Defendant Andrew Parks a correctional officer, and at all time material to the complaint was responsible for the safety, control, and supervision of the inmate housing unit, and one of the active participants along with Sergeant Mark Olowin, and Officer Eugene Ricci, who manufactured fabricated Misconduct Reports to effectuate and insure disciplinary actions be inflicted upon the plaintiff. He is been sued in his official and individual capacity.

6. Defendant, Eugene Ricci is a correctional officer, and at all times material to the complaint was responsible for the safety, control, and supervision of the inmate housing unit, and who a co-conspirator with Sergeant Mark Olowin, and Officer Andrew Parks in their successful acts of creating fabricated Misconduct Report to insure that disciplinary actions would be wrongfully inflicted upon the plaintiff. And the actions of the above Defendant(s) Sergeant Mark Olowin, and Andrew Parks is clearly evident when the misconduct is carefully review, both misconduct reports alleged the same identical charges, and was signed and authorized in support of one another. He is being sued in his official and individual capacity.

7. Defendant, Willie Damper, is a prison counselor, and at all time material to the complaint was the Plaintiff's Counselor, and the Counsel of the inmate housing unit, and

responsible for addressing the personal concerns of the inmates in the housing unit, and was one of the active participants along with Sergeant Mark Olowin who collectively denied the Plaintiff of his rights to file a grievance, and when the Plaintiff insisted on being given a grievance form he was retaliated against, (i.e.) physically assaulted by the Defendants of the Prison Cell Extraction, and Emergency Response Team, and subsequently strapped in the "Restraint Chair" and tortured and humiliated for hours. He is being sued in his official and individual capacity.

8. Defendant, Patty (the nurse), is a Psychriatric Nurse and at all times material to the complaint was responsible along with the prison medical staff for deliberate denial of medical care to the Plaintiff, and was one of the participants who recklessly authorized a medical clearance for the Prison Cell Extraction, and Emergency Response Team to strap the Plaintiff in the tortuous stress induced "Restraint Chair" knowing as indicative from the medical record that the Plaintiff just weeks earlier had a heart attack, and was recovering from a post-surgery procedure of have "mental stints" implanted in his arteries, coupled with other chronic illnesses, thus further compromising the Plaintiff's health and serious medical conditions due to her reckless actions. She is being sued in her official and individual capacity.

FACTUAL ALLEGATIONS

9. On/or about July 3, 2006, while residing at the State Correctional Institution @ Holtzdale the Plaintiff suffered a heart attack, that resulted in a surgical procedure being performed, that included "metal stints" being implanted into the Plaintiff's arteries, and the Physician prescribed a specific medication regimen for the plaintiff.

10. On July 13, 2006, approximately (10) days after surgery, the Plaintiff was temporarily transferred from the State Correctional Institution @ Holtzdale, to the Erie County Prison for purposes of a re-sentencing hearing to be held at the Erie County Courthouse.

11. Upon the Plaintiff's arrival at the Erie County Prison he was housed in B-Unit/Medical Unit, and shortly thereafter begin experiencing chest pains, the unit officer alerted medical and the Plaintiff was sent to the medical department, at which time the Plaintiff informed the medical staff of his recent heart attack, and surgery.

12. The Plaintiff was subsequently reclassified, and housed in the prison general population.

Denial of Medical Care

13. On July 17-19, 2006, the Plaintiff was experiencing several post-surgery symptoms in the form of severe chest pains, difficulty breathing, hypertension, acid reflux, and was seen by medical, but was only given a vital sign check.

14. On July 20, 2006, the Plaintiff was still experiencing severe chest pains, with his medical condition seem to be getting worst, the Plaintiff requested to see medical, and was sent to medical only with medical administering a vital sign check and when the Plaintiff requested to be provided dosages of the specific medication that was prescribed by the Physician who performed his surgery, he was told that the medical department at the State Correctional Institution @ Holtzdale had only sent with him a one week supply of that specific medication.

15. It should be noted that the medical department did try to offer some kind of alternative medicine, but when the Plaintiff refused and insist on be provided the exact medicine that was prescribed by the Physician that perform his surgery the medical staff denied the Plaintiff request, and sent him back to the housing unit without adequate treatment.

Denial of Grievance

16. On/or About July 25-26, 2006, the Plaintiff submitted a request slip to the housing unit counselor Willie Damper asking that I be provided a Grievance Form, so that I can file a grievance against the medical staff for denying me adequate medical care.

17. On July 26, 2006, instead of being provided a grievance form the Plaintiff was summoned to the Counselor's office and told that he did not have a grievance, and being denied medical care is not a grievable issue, and Plaintiff was denied a form.

-6-

18. Plaintiff, requested to speak to a Unit Sergeant, defendant Mark Olowin came to the Counselor's office, and the reiterated that he wanted a grievance form, only to be told by the Defendant(s) Sergeant Mark Olowin, and Counselor Willie Damper, that being denied medical care is not a grievable issue.

19. The Plaintiff, insisted that he wanted to exercise his right to file a grievance, it was at this time that Sergeant Mark Olowin became agitated, verbally aggressive, and confrontational, ordering the Plaintiff "to go pack your property, you're going to be transferred to the maximum housing unit".

20. The Plaintiff, then inquired to Sergeant Mark Olowin, "why are you retaliating against me for wanting to exercise my right to grieve", and further stated to the Sergeant that "because I'm afraid of my safety in the maximum housing unit, I would like to be placed in the protected custody housing unit".

21. Defendant, Sergeant Mark Olowin, became very angry, and stated "put your hands behind your back smart ass".

Physical Assault and Battery

22. Defendant Sergeant Mark Olowin proceeded to handcuff the Plaintiff, and physically assaulted the Plaintiff enroute to the protective custody housing unit by dragging, punching, and slamming the Plaintiff against the wall causing him to hit his head.

-7-

23. The Plaintiff, was subsequently placed in the protected custody housing unit and stated that "you'll be hearing from my lawyer", and Sergeant Mark Olowin returned a response saying "hold on we'll be back, and you will see how we roll".

24. Approximately (30) minutes thereafter, Sergeant Mark Olowin arrived back at the Plaintiff's cell with the Prison Cell Extraction and Emergency Response Team comprised of Defendant(s) Brian Ames, Adam Johnson, Craig Owens, Thomas loftus, Edward Yeaney, Robert Kremenik, and Leslie Danowski, all of whom were dress in body armour, with batons, shields and chemical mase.

25. Defendant, Sergeant Mark Olowin ordered the Plaintiff to put his hands behind his back to be handcuffed, and the Plaintiff inquired why, because he hadn't done anything.

Excessive Misuse of Force

26. Plaintiff was then escorted to the gymnasimn and ordered to strip down, at which time defendant Sgt. Mark Olowin ordered extraction team to take plaintiff down.

27. Plaintiff was then wrestled by excessive force inflicted by the cell extraction team, nearly breaking the plaintiff's arm handcuffing him without any resistance on behalf of the plaintiff'who was totally nude.

28. Defendant, Sgt. Mark Olowin ordered the Extraction Team to take the plaintiff to the "Restraint Chair" at which

-8-

time the Defendants used a protective shield in a slamming like motion, and thus forcing the Plaintiff's body into the "Restraint Chair".

29. The Defendants strapped and cuffed the Plaintiff to the "Restraint Chair" in such a manner that the restraints cut off the circulation through his arms and legs, and was subsequently wheeled into the isolation cell face forward forcibly injuring the Plaintiff's left hand because the chair barely cleared the entrance of the doorway.

30. The Defendants left the Plaintiff in the "Restraint Chair" for approximately (8) hours with no relief while being periodically taunted, physically and mentally abused by Defendant(s) Shawn Wilson, Eugene Ricci, and numerous other officers.

31. On July 27, 2006, after being kept in the "Restraint Chair" for approximately ($15\frac{1}{2}$) hours defendant officer Aganello wheeled the Plaintiff to the intake unit placed in a "ice cold" cell to await the sherriffs to come to transport the Plaintiff back to the State Correctional Institution @ Holtzdale.

32. It should further be noted that for the entire ($15\frac{1}{2}$) hours that the Plaintiff was strapped in the "Restraint Chair" he was mentally and physical abused, threatened, and at no time was the Plaintiff feed, given his prescribed medication, allowed to used the bathroom.

-9-

33. Based upon the foregoing factual allegation herein the Plaintiff makes the following claims.

### CAUSE OF ACTION

#### COUNT: I. EIGHTH AMENDMENT VIOLATION BASED UPON "DELIBERATE DENIAL OF MEDICAL CARE".

34. Plaintiff incorporates by reference the allegations in the proceeding paragraphs 1 through 32, as fully set forth herein.

35. Defendant(s) Nurse Bridget, Nurse Patty, and the prison Doctor, in "deliberate denial of serious medical care were acting in their individual, as well as, their official capacities, and at times material hereto, acted under the color of state law.

36. The Defendants listed above actions "deliberately denied Plaintiff adequate medical care, for his serious medical needs" in violation of the Plaintiff's constitutional protected rights, and constitutes cruel and unusual punishment under the Eighth Amendment of The United States Constitution.

37. The Defendants listed above all knew of the serious danger to the Plaintiff if his medical condition went untreated, yet failed to treat the Plaintiff's condition in an appropriate manner.

Wherefore, and for the foregoing reasons, Plaintiff respectfully request that judgment be entered in his favor and against the defendants listed above as follows:

a). Award Compensatory damages in the amount of $10,000 (Ten-thousand Dollars) from each of the Defendants jiontly, and severally for the torturious punishment, physical injuries, mental and emotional pain and suffering resulting from the Defendants "deliberate denial of medical care", for the Plaintiff's scrious medical condition, and medical needs.

b). Award Punitive damages in the amount of $15,000 (Fifteen-thousand Dollars) from each of the Defendants jointly, and severally.

c). Award any other relief the Court deems equitable, and just.

COUNT: II. FIRST AND EIGHTH AMENDMENT VIOLATION BASED UPON PUNITIVE RETALIATION FOR WANTING TO EXERCISE THE RIGHT TO FILE A GRIEVANCE.

38. Plaintiff incorporates by reference the allegations proceeding paragraphs 1. through 32., as fully set forth herein.

39. Defendant(s) Sergeant Mark Olowin, Willie Damper, and Andrew Parks, actions of infringement upon the Plainfiff's constitutional protected right to grieve without punitive retaliatory punishment was violated when the Defendants deprived the Plaintiff of his right to file a grievance for the "deliberate denial of serious medical care, and subsequently retaliated against the Plaintiff for insisting on wanting to exercise his right to file a grievance by fabricating misconduct conduct reports to effectuate physical abuse, and cruel and

-11-

unusual punishment against the Plaintiff for wanting to file a grievance, all actions in violation of the Plaintiff's protected rights under the First and Eighth Amendments of the United States Constitution.

40. The Defendants listed above in violation of the Plaintiff's constitutional rights were acting in their individual as well as their official capacity, and at times material hereto, acted under the color of state law.

41. The Defendants listed above, all knew of the serious danger to the Plaintiff if his medical condition went untreated, yet they still deprived him of his right to file a grievance regarding the matter, and we he insisted he was punished.

Wherefore, and for the foregoing facts and reasons, Plaintiff respectfully request that judgment be entered in his favor, and against the Defendants listed above as follows:

a). Award Compensatory damages in the amount of $10,000 (Ten-thousand Dollars) from each of the Defendants jointly, and severally for the torturious punishment, physical injuries, and mental and emtional pain and suffering that the Plaintiff sustained resulting from their action.

b). Award Punitive damages in the amount of $15,000 (Fifteen-thousand Dollars) from each Defendant jointly, and severally.

c). Award any other relief the Court deems equitable, and just.

COUNT: III. EIGHTH AMENDMENT VIOLATION
BASED UPON PHYSICAL BRUTALITY
AND MISUSE OF EXCESSIVE FORCE

42. Plaintiff incorporates by reference the allegations in the proceeding paragraphs 1. through 32., as fully set forth herein.

43. Defendant(s) Sergeant Mark Olowin, Adam Johnson, Brian Ames, Edward Yeaney, Robert Kremenik, Thomas Loftus, and Leslie Danowski, actions of physical brutality and the misuse of force against the Plaintiff without need or provocation, and/or their individual failing to intervene to prevent the brutality and misuse of force were done maliciously and sadistically in violation of the Plaintiff's Eighth Amendment Rights of the United States Constitution.

44. The Defendants listed in the above Count, all were acting in their individual capacity, as well as their official capacity, and at all times material hereto acted under color of state law.

Wherefore, and for the foregoing facts and reasons, Plaintiff respectfully request that judgment be entered in his favor, and against the Defendants listed above as follows:

a). Award Compensatory damages in the amount of $10,000 (Ten-thousand Dollars) from each of the Defendants jointly, and severally for the physical brutality, and injuries incurred resulting from the Defendants excessive and misuse of force inflicted upon the Plaintiff.

b). Award Punitive damages in the amount of $15,000 (Fifteen-thousand Dollars) from each Defendant jointly, and severally.

c). Award any other relief the Court deems equitable, and just.

### COUNT: IV. EIGHTH AMENDMENT VIOLATION BASED UPON CRUEL AND UNUSUAL PUNISHMENT

45. Plaintiff incorporates by reference the allegations in the proceeding paragraphs 1. through 32., as if fully set forth herein.

46. Defendant(s) Sergeant Mark Olowin, Adam Johnson, Brian Ames, Edward Yeaney, Robert Kremenik, Thomas Loftus, and Leslie Danowski actions of inflicting cruel and unusual punishment against the Plaintiff without need or provocation, was done maliciously, and sadistically in violation of the Plaintiff's Eighth Amendment Rights of the United States Constitution.

47. The Defendants listed in the above Count physically and violently extracted the Plaintiff from his cell and cuffed and strapped him in a "Retraint Chair" without need or provocation and in a torturious manner that the "restraints" was so tight that it cut off the Plaintiff's circulation in his arms, and legs resulting in bruising and sever swelling of the Plaintiff's limbs.

-14-

48. The Defendants carried out those actions knowing as indicative from the Plaintiff's medical record that just (2) weeks earlier the Plaintiff had suffered a heart attack, and was recovering from a post-surgical procedure of having "metal stints" implanted in his arteries, couple with other chronic illnesses, simply further compromising the Plaintiff's health.

49. It should further be noted that the Defendants left the Plaintiff torturiouly strapped in that "Retraint Chair" for approximately (15½) hours, and at no time was the Plaintiff feed, given any of his prescribed medication, or allowed to used the bathroom, but instead was periodically taunted, and physically, mentally and emotionally abused by the Defendants.

50. The Defendants listed in the above Count, all were acting in their individual capacity, as well as their official capacity, and at all times material hereto acted under color state law, and in violation of the Plaintiff's Eighth Amendment protection from cruel and unusual punishment.

Wherefore, and for the foregoing facts and reasons, Plaintiff respectfully request that judgment be entered in his favor, and against the Defendants listed above as follows:

a). Award Compensatory damages in the amount of $10,000 (Ten-thousand Dollars) from each of the Defendants jointly, and severally for the infliction of cruel and unusual punishment.

-15-

b). Award Punitive damages in the amount of $15,000 (Fifteen-thousand Dollars) from each Defendant jointly, and severally.

c). Award any other relief the Court deems equitable, and just.

### COUNT: V. INTENTIONAL INFLICTION OF EMOTIONAL AND MENTAL DISTRESS AGAINST ALL DEFENDANTS

51. Plaintiff incorporates by reference the allegations in the proceeding paragraphs 1. through 32., as if fully set forth herein.

52. The actions of the Defendants as set firth herein were malicious, willful, wanton, outrageous, in the extreme and intolerable in a civilized society, and they were specifically calculated to cause serious mental distress to the Plaintiff.

53. As a direct and proximate result of this conduct, this hole experience for the Plaintiff was traumatic and terrifying because all the Plaintiff could imagine is suffering another heart attack and dying strapped to that "Restraint Chair", resulting in the Plaintiff suffering emotional distress, pain and suffering.

Wherefore, and for the foregoing facts and reasons, Plaintiff respectfully request that judgment be entered in his favor, and against the Defendants as follows:

a). Award Compensatory damages in the amount of $10,000

-16-

(Ten-thousand Dollars) from each of the Defendants jointly, and severally for the intention infliction of mental and emotional distress as a result of their cruel and unusual punishment, pain and suffering upon the Plaintiff.

    b). Award Punitive damages in the amount of $15,000 (Fifteen-thousand Dollars) from each of the Defendants jointly, and severally.

    c). Award any other relief the Court deems equitable, and just.

                               Respectfully Submitted,

                            s/ *Mark Whaling*
                            Mark Whaling #FW-9846
                            S.C.I. @ Frackville
                            1111 Altamont Blvd.
                            Frackville, Pa. 17931

## CERTIFICATE OF SERVICE

I, Mark J. Whaling, hereby certify that on this 5th. day of March, 2009, I served a copy of this "Amended Complaint" to the parties below:

MASCHALL, DENNEHEY, WARNER,
   COLEMAN & GOGGIN
c/o Patrick M. Carey, Esq.
717 State Street - Suite 701
Erie, Pennsylvania 16501
**[Attoney for Defendants]**
              1st. Class U.S. Mail.

GOLD & FERRANTE
c/o Alan Gold, Esq.
261 Old York Road - Suite 526
Jenkintown, Pennsylvania 19046
**[Attoney for Defendants]**
              1st. Class U.S. Mail.

## VERIFIED STATEMENT

I, the undersigned do hereby verify that the facts set forth in this "Amended Complaint" are true and correct to the best of my information and belief, and understand that this document is subject to the penalties of perjury pursuant to 28 U.S.C. Section §1746.

I, verify that this document was given to prison officials on March 5th., 2009 to be mailed to U.S. District Court.

                                           s/ *Mark Whaling*
                                              Mark Whaling #FW-9846

MARK J. WHALING #FW-9846
S.C.I. @ FRACKVILLE
1111 ALTAMONT BLVD.
FRACKVILLE, PA. 17931

March 5, 2009

Susan Paradise Baxter
Chief United States Magistrate Judge
United States District Court
Western District of Pennsylvania
17 South Park Row - Room A280
Erie, Pennsylvania 16501

Re: Mark Whaling V. Erie County Prison et. al.
Civil Action No.#08-210 [Erie]

Dear Magistrate Judge Baxter,

On January 12, 2009, your Honor issued an <u>Order</u> regarding the above referenced case, directing the Plaintiff that he shall be allowed until February 9, 2009 to respond to the Defendants 12(b)(6) Motion to Dismiss, and further stated that the Plaintiff may also "amend the complaint" to cure any procedural defects.

It should be noted that an "extension of time" to comply was sort by the Plaintiff, and was granted until March 9, 2009 to file the permitted said Pleadings.

Wherefore, enclosed herein is the "Plaintiff's Objection to the Defendants Motion to Dismiss", and the Plaintiff's "Amended Complaint".

Respectfully Submitted,

s/ _Mark Whaling_
Mark Whaling/Plaintiff