IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK WHALING,

    *Plaintiff*

v.    No. 1:08-cv-210

ERIE COUNTY PRISON, JAMES VESHECCO, SHAWN WILSON, MARK OLOWIN, "NURSE BRIDGET," and JOHN & JANE DOE(S) of the Medical Staff who was responsible for monitoring Plaintiff's medical care, JOEY AGANELLO, OFFICER RICCI, and all the JOHN DOE OFFICERS of the Prison Emergency Response Team that was involved in placing the Plaintiff in the "Restraint Chair,"

    *Defendants*   :   JURY TRIAL DEMANDED

## MOTION FOR RECONSIDERATION

AND NOW, come the Defendants, Eric County Prison, James Veshecco, Shawn Wilson, Mark Olowin, Joey Aganello, Eugene Ricci, Brian Ames, Craig Owens, Adam Johnson, Edward Yeaney, Robert Kremenik, Leslie Danowski, Thomas Loftus, Andrew Parks, and Willie Damper, by and through their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin and Patrick M. Carey, Esquire, and support of the Motion for Reconsideration, aver as follows:

1. This is a prisoner civil rights action in which the Plaintiff raised various claims, including a violation of his Eighth Amendment right to be free from cruel and unusual punishment based upon the Plaintiff's placement in a restraint chair while he was an inmate in the Erie County Prison.

2. In response to the Plaintiff's First Amended Complaint [Document 20], the Erie County Prison Defendants filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and a Brief in Support thereof [Documents 25 and 26] on May 22, 2009.

3. In the Defendants' Motion to Dismiss Amended Complaint [Document 25], the Defendants raised, among other defenses, the Plaintiff's failure to exhaust administrative remedies under the Prison Litigation Reform Act. (See Document 25, paragraph 37; see also Affidavit of Deputy Warden James Senyo attached to the Motion to Dismiss and marked as Exhibit A)

4. Specifically, the Affidavit of Deputy Warden James Senyo stated, "Although Mark Whaling was transferred from the Erie County Prison to SCI Houtzdale on July 27, 2006, I've been informed by the authorities at SCI Houtzdale that Mr. Whaling never filed a grievance pursuant to the grievance procedure in place at that facility. Whaling did make an allegation to the authorities at SCI Houtzdale that he was assaulted by one or more prison guards while in the Erie County Prison; however, Whaling never filed a grievance pursuant to SCI Houtzdale's grievance procedure." (See Document 25, Exhibit A, paragraph 5)

5. The Defendants' Brief in Support of Motion to Dismiss [Document 26] fully briefed the issue of Mr. Whaling's failure to exhaust administrative remedies, including the citation to federal case law regarding the exhaustion requirement of an inmate who is transferred from one prison facility to another after a §1983 claim accrues. (See Document 26, pages 22 and 23)

6. Even though Mr. Whaling was ordered, on more than one occasion, to file a response to the Defendants' Motion to Dismiss, he failed to do so.

7.  In fact, the Court advised Mr. Whaling that the Motions to Dismiss would be treated as Motions for Summary Judgment under F.R.C.P 56 and that Plaintiff needed to respond "with all supporting documentation in opposition to such motions..." (See Text Order dated October 30, 2009).

8.  Mr. Whaling failed to file any response.

9.  On or about November 30, 2009, Chief United States Magistrate Judge Susan Baxter filed a Report and Recommendation [Document 29] in which the Court addressed the Plaintiff's claims on their merits and thereafter recommended that all of the Plaintiff's claims against all named Defendants be dismissed. The Report and Recommendation did not address the exhaustion defense raised by the Erie County Prison Defendants. (See Document 29)

10. After obtaining a couple of extensions of time to plead, Mr. Whaling filed written Objections to the Magistrate Judge's Report and Recommendation [Document 32], but never referenced his (Whaling's) failure to exhaust his administrative remedies under the grievance procedure at SCI Houtzdale. Whaling also never denied the fact that he failed to file a grievance under the procedure at SCI Houtzdale. (See Document 29)

11. United States District Judge Sean J. McLaughlin filed an Amended Memorandum Judgment Order [Document 34] on February 4, 2010 in which he denied the Defendants' Motion to Dismiss with respect to the Plaintiff's Eighth Amendment cruel and unusual punishment claim regarding the use of the restraint chair. Judge McLaughlin granted the Defendants' Motion to Dismiss and the Co-defendant's Motion for Summary Judgment in all other respects. (See Document 34)

12. In the District Court's Amended Memorandum Judgment Order, Judge McLaughlin did not address the Plaintiff's failure to exhaust administrative remedies under the Prison Litigation Reform Act. (See Document 34)

13. The Defendants aver that the Plaintiff's failure to deny or refute the assertion that Mr. Whaling failed to exhaust his administrative remedies by failing to file a grievance under the grievance procedure at SCI Houtzdale constitutes an admission by the Plaintiff's that he failed to file a grievance at SCI Houtzdale as is required under the Prison Litigation Reform Act.

14. The Defendants aver that there is no material issue of fact regarding Mr. Whaling's failure to exhaust his administrative remedies.

15. The Erie County Prison Defendants aver that the Plaintiff's claims are barred in their entirety based upon Mr. Whaling's failure to exhaust administrative remedies under the Prison Litigation Reform Act and, therefore, respectfully request this Honorable Court to reconsider its Amended Memorandum Judgment Order [Document 34] in which the Court denied dismissal of the Plaintiff's Eighth Amendment cruel and unusual punishment claim relative to the Erie County Prison Defendants' utilization of the restraint chair.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: _____
Patrick M. Carey, Esquire
PA ID # 50171
717 State Street - Suite 701
Erie, PA 16501
(814) 480-7803

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK WHALING, | : | |
| *Plaintiff* | : | |
| v. | : | No. 1:08-cv-210 |
| ERIE COUNTY PRISON, JAMES VESHECCO, SHAWN WILSON, MARK OLOWIN, "NURSE BRIDGET," and JOHN & JANE DOE(S) of the Medical Staff who was responsible for monitoring Plaintiff's medical care, JOEY AGANELLO, OFFICER RICCI, and all the JOHN DOE OFFICERS of the Prison Emergency Response Team that was involved in placing the Plaintiff in the "Restraint Chair," | : | |
| *Defendants* | : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within Motion for Reconsideration was mailed to the following listed below this ___10th___ day of February, 2010 by electronic filing, courthouse box or United States First Class mail, postage pre-paid.

Mark Whaling (FW-9846)  
SCI-FRACKVILLE  
1111 Altamont Boulevard  
Frackville, PA 17931

Alan S. Gold, Esquire  
GOLD & FERRANTE  
261 Old York Road - Suite 526  
Jenkintown, PA 19046

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: _____
Patrick M. Carey, Esquire

16/192073.v1