IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK WHALING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 08-210 Erie |
| ERIE COUNTY PRISON, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

On February 4, 2010, this Court entered an Amended Memorandum Judgment Order [34] in the above-captioned case which, among other things, partially denied the motion [25] filed by the Erie County Prison ("ECP") Defendants[1] to dismiss Plaintiff's Amended Complaint. Specifically, this Court denied the motion insofar as it sought a summary judgment[2] relative to Plaintiff's claim under 42 U.S.C. § 1983 that his Eighth Amendment rights were violated in connection with the ECP Defendants' utilization of a restraint chair. The Court ruled that, as to that particular claim, material issues of fact remained in dispute, rendering summary judgment inappropriate.

Thereafter, the ECP Defendants filed a motion for reconsideration of my February 4, 2010 ruling relative to the Eighth Amendment claim. Defendants argue that an independent basis for summary judgment exists as to that claim – namely, Plaintiff's

---

[1] The following named Defendants are referred to collectively as the "Erie County Prison Defendants": *to wit*, Erie County Prison, James Veshecco, Shawn Wilson, Mark Olowin, Joey Aganello, Eugene Ricci, Brian Ames, Craig Owens, Adam Johnson, Edward Yeaney, Robert Kremenick, Thomas Loftus, Andrew Parks, Leslie Danowski, and Willie Damper.

[2] The Magistrate Judge had previously converted the Defendants' Rule 12(b)(6) motion to a Rule 56 motion for summary judgment, as the Defendants' arguments had relied on documents outside of the pleadings. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6)..., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

failure to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C.A. § 1997e(a).

The PLRA governs the procedures inmates must follow in order to prosecute § 1983 claims regarding their prison conditions. Pertinently, the statute provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a). As the statute makes clear, a § 1983 plaintiff is required to exhaust only those administrative remedies that are "*available*." *Brown v. Cloak*, 312 F.3d 109, 110 (3d Cir. 2002) ("The PRLA does not require exhaustion of all remedies. Rather, it requires exhaustion of such administrative remedies "as are available.").

Failure to exhaust administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Accordingly, it is the defendant's burden to plead and prove that the plaintiff failed to exhaust all available administrative remedies in accordance with the PLRA. *Brown,* 312 F.3d at 111; *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Planker v. Ricci*, Civil No. 07-2679 (AET), 2009 WL 2928951 at *1 (D.N.J. Sept. 9, 2009). Where the party moving for Rule 56 relief bears the burden of proof on an issue, as where he/she is asserting an affirmative defense, "that party must show affirmatively the absence of a genuine issue of material fact; [he/she] ... must show that, on all the essential elements of [his/her] case on which [he/she] bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (cited with approval in *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003)).

Moreover, as part of their burden, the ECP Defendants must demonstrate that administrative remedies were "available" to the Plaintiff. *See Kaemmerling v. Lappin*, 553 F.3d 669, 675 (D.C. Cir.2008) ("The [defendant] has failed to carry its burden [under 28 U.S.C. § 1997e(a) ] of showing an administrative remedy available for [the plaintiff] to exhaust.") (citation omitted); *Westefer v. Snyder*, 422 F.3d 570, 580 (7th

Cir.2005) (holding that defendants failed to satisfy their burden to prove the existence of an available administrative remedy); *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir.2005) ("As we have concluded that there can be no 'absence of exhaustion' unless *some* relief remains 'available,' a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process") (emphasis in the original )(citation omitted); *Breedlove v. Costner*, No. CIV-08-1065-D, 2010 WL 455122 at *17 (W.D. Okla. Feb. 2, 2010) ("As exhaustion is an affirmative defense, [ ] the Defendants bear the burden to demonstrate the availability of an administrative remedy for [the plaintiff] to challenge the disciplinary conviction.[ ]") (footnotes omitted) *Perotti v. Medlin*, No. 4:05CV2739, 2009 WL 2424547 at *9 (N.D. Ohio Aug. 3, 2009) (recommending a finding, based on facts before the court, that defendants had not met their initial summary judgment burden of establishing the availability of a procedure for exhausting the plaintiff's claim administratively or of providing a remedy for that claim).

Here, the ECP Defendants have presented evidence indicating that Plaintiff never grieved his Eighth Amendment claim pursuant to the grievance procedures available at SCI-Houtzdale. However, the incident in question occurred at the Erie County Prison, not SCI-Houtzdale, and there is nothing of record to suggest that the grievance procedure utilized at SCI-Houtzdale is an "available administrative remedy" for purposes of the specific Eighth Amendment violation being alleged in this case. *See Kaemmerling*, 553 F.3d at 246 ("The statutory requirement of an available remedy presupposes authority to take some action in response to a complaint. ... Thus, if 'the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint,' then a prisoner is left with nothing to exhaust and the PLRA does not prevent the prisoner from bringing his or her claim directly to the district court.") (*citing Booth v. Churner*, 532 U.S. 731, 736 (2001)). *See also Larkin v. Galloway*, 266 F.3d 718, 723 (7th Cir. 2001) (a prisoner must exhaust any prison administrative process that is "empowered to consider his complaint and ... could take some action in response to it."). Because the ECP Defendants have failed to

demonstrate the absence of a genuine issue of material fact concerning the Plaintiff's alleged failure to exhaust his administrative remedies, they are not entitled to entry of a summary judgment on the Plaintiff's remaining § 1983 claim. Accordingly, the following order is entered:

AND NOW, *to wit*, this 22nd day of June, 2010, upon consideration of the ECP Defendants' Motion for Reconsideration of this Court's Amended Memorandum Judgment Order [34] dated February 4, 2010,

IT IS HEREBY ORDERED that said motion is GRANTED inasmuch as this Court has considered the Defendants' motion [25] for a summary judgment relative to the Plaintiff's remaining § 1983 claim based on the Defendants' assertion that Plaintiff has failed to exhaust his administrative remedies pursuant to the PLRA. IT IS FURTHER ORDERED, however, that the ECP Defendants' request for substantive relief is DENIED, as the Court finds that the Defendants have failed to demonstrate the absence of a genuine issue of material fact concerning this affirmative defense.

          s/ Sean J. McLaughlin

          SEAN J. McLAUGHLIN
          United States District Judge

cm:   all parties of record.
       U.S. Magistrate Judge Susan Paradise Baxter