IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK WHALING, | ) | C.A. No. 08-210 Erie |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| ERIE COUNTY PRISON, et al., | ) | |
|     Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.**   **RECOMMENDATION**

It is respectfully recommended that Defendants' [Partial] Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 48] be granted.

**II.**   **REPORT**

    **A.**   **Relevant Procedural History**

On July 24, 2008, Plaintiff Mark Whaling, an individual formerly incarcerated at the Erie County Prison in Erie, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 against: Erie County Prison ("ECP"); James Veshecco, Warden at ECP ("Veshecco"); Shawn Wilson, corrections officer at ECP ("Wilson"); Mark Olowin, Sergeant at ECP ("Olowin"); Bridget Hillkirk, a nurse contracted to provide medical services to prisoners at ECP ("Hillkirk"); Joey Aganello, a corrections officer at ECP ("Aganello"); Eugene Ricci, a corrections officer at ECO ("Ricci"); and several unnamed John and Jane Doe Defendants. [ECF No. 3]. Plaintiff subsequently filed a First Amended Complaint on March 27, 2009 [ECF No. 20], identifying the previously unnamed John and Jane Doe Defendants as: Brian Ames, a corrections officer at ECP ("Ames"); Craig Owens, a corrections officer at ECP ("Owens"); Adam Johnson, a corrections

officer at ECP ("Johnson"); Edward Yeaney, a corrections officer at ECP ("Yeaney"); Robert Kremenik, a corrections officer at ECP ("Kremenik"); Leslie Danowski, a corrections officer at ECP ("Danowski"); Thomas Loftus, a corrections officer at ECP ("Loftus"); Andrew Parks, a corrections officer at ECP ("Parks"); and Willie Damper, a prison counselor at ECP ("Damper"). In addition, Plaintiff added a new Defendant identified only as "Patty," a psychiatric nurse contracted to provide medical services to prisoners at ECP ("Patty"). For convenience, Defendants Hillkirk and Patty will be collectively referred to as "Medical Defendants," and all other Defendants will be collectively referred to as "ECP Defendants."

Plaintiff's claims consisted of: (i) an Eighth Amendment claim of deliberate indifference to his serious medical needs; (ii) an Eighth Amendment claim that the ECP Defendants subjected him to "physical brutality and misuse of excessive force," and "cruel and unusual punishment," by, *inter alia*, strapping him in a restraint chair for approximately 15½ hours; (iii) a retaliation claim against the ECP Defendants; and (iv) state law claims of assault and battery, negligence, and the intentional infliction of mental and emotional distress.

On April 29, 2009, the Medical Defendants filed a motion to dismiss amended complaint [ECF No. 22], and the ECP Defendants filed their own motion to dismiss amended complaint on May 21, 2009. [ECF No. 25]. On November 30, 2009, this Court issued a Report and Recommendation ("R&R") recommending that both motions to dismiss be granted and that this case be dismissed. [ECF No. 29]. After Plaintiff filed objections to this Court's R&R, District Judge Sean J. McLaughlin issued a Memorandum Judgment Order on February 4, 2010, adopting the R&R, in part, as follows: (i) the Medical Defendants' motion to dismiss was granted and said Defendants were terminated from this action; and (ii) the ECP Defendants' motion to dismiss was granted with regard to Plaintiff's Eighth Amendment deliberate indifference claim, retaliation claim, and state law claims; however, (iii) the ECP Defendants' motion was denied "as to the Plaintiff's Eighth Amendment claim asserting cruel and unusual

punishment relative to the ... utilization of the restraint chair." [ECF No. 34].

The ECP Defendants filed a motion for reconsideration of Judge McLaughlin's Order on February 10, 2010 [ECF No. 35], based upon Plaintiff's alleged failure to exhaust his administrative remedies with regard to his surviving Eighth Amendment claim. By Memorandum Order dated June 22, 2010, District Judge McLaughlin denied the substantive relief sought by the ECP Defendants, finding that a genuine issue of material fact existed as to Plaintiff's failure to exhaust administrative remedies. [ECF No. 43]. Thereafter, the ECP Defendants filed a motion for clarification as to the identities of the ECP Defendants who are subject to Plaintiff's surviving Eighth Amendment claim regarding the use of the restraint chair. [ECF No. 44]. After holding a telephone hearing on January 21, 2011, regarding the motion for clarification, District Judge McLaughlin entered a Text Order denying the motion as moot and ordering Plaintiff to file a Second Amended Complaint to provide the clarification sought by the ECP Defendants in their motion.

Plaintiff subsequently filed a Second Amended Complaint on March 22, 2011, in which Erie County was added as a Defendant, and Defendants Danowski, Veshecco, Aganello, and Damper were removed from the case. [ECF No. 47].

On April 8, 2011, the ECP Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint, to the extent it goes beyond the scope of District Judge McLaughlin's directive to clarify the identities of the Defendants who are subject to Plaintiff's surviving Eighth Amendment claim regarding the utilization of the restraint chair. In particular, Defendants seek dismissal of the following portions of the Second Amended Complaint: (i) the claim of intentional infliction of emotional distress set forth at Count II; (ii) any portion of Plaintiff's Eighth Amendment claim alleging excessive use of force unrelated to the use of the restraint chair; (iii) any attempt to resurrect a retaliation claim; (iv) any attempt to state a <u>Monell</u> claim against Erie County and/or ECP; and (v) any claim for punitive damages. In addition,

Defendants seek the dismissal of Defendants Parks and Ricci from this case, due to Plaintiff's failure to make any specific allegations against them in relation to his surviving Eighth Amendment claim.

By Text Order dated April 8, 2011, Plaintiff was ordered to file a response to Defendants' pending motion to dismiss by April 25, 2011. To date, no response has been filed. This matter is now ripe for consideration.

**B.     Standard of Review**

**1.     Motion to Dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual

4

allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).  "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the *Twombly/Iqbal/Phillips* line of cases, as follows:
> To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."
>
> * * *
>
> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated.  The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts.  As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

>    complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled
>    to relief.'" This "plausibility" requirement will be a context-specific task that
>    requires the reviewing court to draw on its judicial experience and common
>    sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)(emphasis added)(citations omitted).

### C. Discussion
#### 1. New or Resurrected Claims

By virtue of District Judge McLaughlin's Memorandum Judgment Order dated February 4, 2010, the only claim remaining in this case is "Plaintiff's Eighth Amendment claim asserting cruel and unusual punishment relative to the Erie County Prison Defendants' utilization of the restraint chair." Any attempt by Plaintiff to add a new claim, or to resurrect or re-characterize a claim that has previously been dismissed in this case, should be summarily dismissed. Accordingly, Plaintiff's claims of intentional infliction of emotional distress and excessive use of force (unrelated to the use of the restraint chair), as well as any attempt to resurrect or re-state his retaliation claim, his Monell claim against Erie County or ECP, or his claim for punitive damages, should be dismissed.

#### 2. Defendants Parks and Ricci

The ECP Defendants argue that Plaintiff has failed to show the personal involvement of either Defendant Parks or Defendant Ricci in the alleged deprivation of Plaintiff's Eight Amendment rights regarding the use of the restraint chair, and that they should, therefore, be dismissed from this case. The Court agrees.

District Judge McLaughlin's Order requiring Plaintiff to file a Second Amended Complaint was issued for the sole purpose of having Plaintiff clarify the identity of the ECP

Defendants who are subject to his surviving Eighth Amendment claim regarding the use of the restraint chair.  Since Plaintiff has failed to set forth any allegations identifying either Defendant Parks or Defendant Ricci as a participant in the complained-of conduct associated with the use of the restraint chair, he has provided no basis upon which either can be found liable for violating Plaintiff's Eighth Amendment rights.[1]  Accordingly, Defendants Parks and Ricci should be dismissed from this case.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' [Partial] Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 48] be granted. Accordingly, Plaintiff's claims of intentional infliction of emotional distress and excessive use of force (unrelated to the use of the restraint chair), as well as any attempt to resurrect or re-state his retaliation claim, his Monell claim against Erie County or ECP, or his claim for punitive damages, should be dismissed.   In addition, Defendants Parks and Ricci should be dismissed from this case.

It is further recommended that the remaining allegations of the Second Amended Complaint [ECF No. 47] remain intact to the extent they clarify and support Plaintiff's Eighth Amendment claim related to the ECP Defendants' use of the restraint chair, which should be the only surviving claim in this case.  The ECP Defendants should be ordered to file a response to the surviving portions of the Second Amended Complaint within twenty (20) days of the

---

[1] The Court notes that the only allegation involving either Defendant Parks or Defendant Ricci is set forth in paragraph 28 of the Second Amended Complaint, where Plaintiff alleges that Defendant Ricci took part in fabricating a misconduct report. (ECF No. 47, Second Amended Complaint, at ¶ 28).  This allegation was previously raised by Plaintiff in connection with his retaliation claim that has since been dismissed from this case.  As such, the allegation is unrelated to Plaintiff's Eighth Amendment claim regarding the use of the restraint chair.

issuance of the final Order pertaining to this Report and Recommendation.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of some appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge

Dated: May 27, 2011

cc: The Honorable Sean J. McLaughlin
    United States District Judge